**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GROUPON, INC.,<br>a Delaware corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>GROUPON PTY. LTD., an Australian<br>corporation, and SCOOPON PTY., LTD.,<br>an Australian corporation,<br><br>               Defendants. | Civil Action No.<br><br><br>**Jury Trial Demanded** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, DILUTION, CONSUMER FRAUD,**
**DECEPTIVE TRADE PRACTICES AND COPYRIGHT INFRINGEMENT**

1.     Plaintiff Groupon, Inc. (hereinafter "Groupon") brings this complaint against defendants Groupon Pty. Ltd. and Scoopon Pty., Ltd. (hereinafter "defendants", or individually "defendant Groupon" or "defendant Scoopon") for defendants' infringement and dilution of Groupon's Federal Registered Mark and common law rights, and unfair competition and deceptive trade practices. As its complaint against defendants, Groupon alleges as follows:

**NATURE OF THE ACTION**

2.     This is an action for service mark infringement, unfair competition and dilution pursuant to the Lanham Act, 15 U.S.C. § 1125(a); dilution pursuant to the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65 and the common law of the State of Illinois; consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1, *et seq.*; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1, *et seq.* Despite knowledge of Groupon's extensive use and substantial common law and Federal rights in the GROUPON

trade name and service mark, defendants have attempted to register, purchased and used

confusingly similar terms in connection with the identical services in direct competition with

Groupon and in violation of Groupon's intellectual property rights. Because of the immediate

and irreparable harm caused by defendants' improper use of Groupon's mark, Groupon seeks

preliminary and permanent injunctive relief and damages for defendants' illegal and

unauthorized acts.

3.      The action results from, *inter alia*, defendants' infringement of Groupon's Federal

Registered Mark, GROUPON, U.S. Registration No. 3,685,954 (hereinafter "GROUPON") (see

Exh. A), through defendants' unauthorized use of the confusingly similar terms GROUPON and

SCOOPON on defendants' website, related advertisements, and as its domain name, in

connection with the promotion of discounted goods and services of others, and marketing,

advertising and offering the discounted goods and services of others under the mark in interstate

commerce.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a) and (b) (patent, copyright, trademark and unfair competition). This Court has

jurisdiction over Groupon's related common law claim under 28 U.S.C. § 1367 (supplemental

jurisdiction).

5.      Venue and personal jurisdiction are proper in the Northern District of Illinois

under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 1121, since, *inter alia*, a substantial part of

the events or omissions giving rise to the claims occurred here in this district, the defendant is

doing business in this district, and defendant has promoted discounted goods and services of

others on their website, and provided services allowing consumers to purchase coupons, in

2

connection with marks confusingly similar to Groupon's mark, in this district. Further, defendants are foreign corporations, being incorporated in Australia, and provide an Internet website with a substantial effect on United States commerce, and a substantial effect on commerce in this district.

## THE PARTIES

6.     Groupon is a corporation organized and existing pursuant to the laws of the State of Delaware. Groupon has a principal place of business located within this district at 600 West Chicago Avenue, Chicago, Illinois 60654. Groupon is in the business of, *inter alia*, promoting the goods and services of others through its website at www.groupon.com. Groupon's website feature coupons, price-comparison information, product reviews, links to the retail websites of others and discount information. Groupon provides its services under its Federal Registered Mark GROUPON, and has continuously used its mark in connection with its promotional services since as early as October 21, 2008.

7.     Upon information and belief, defendant Groupon Pty. Ltd. is a limited liability company organized on or around March 24, 2010 and existing pursuant to the laws of Australia having a principal place of business at 2215 Princes Highway, Mulgrave, Victoria 3170 in Australia. Defendant Groupon Pty. Ltd. has purchased the domain name www.groupon.com.au and intends to provide the identical services as Groupon by marketing and advertising the identical types of goods and services in conjunction with the promotion of goods and services of others by providing a website that features coupons and discounts. Defendant Groupon Pty. Ltd. has regularly and systematically engaged in business in this district by offering its services to the citizens of Illinois through its website at www.groupon.com.au, which states that the website is "from the people behind Scoopon".

3

8.    Upon information and belief, defendant Scoopon Pty. Ltd. is a limited liability company organized on or around February 24, 2010 and existing pursuant to the laws of Australia having a principal place of business at 2215 Princes Highway, Mulgrave, Victoria 3170 in Australia. Defendant Scoopon Pty. Ltd. has registered the domain name www.scoopon.com.au and provides the identical services as Groupon, and markets and advertises the identical types of goods and services in conjunction with the promotion of goods and services of others by providing a website that features coupons and discounts. Defendant Scoopon Pty. Ltd. has regularly and systematically engaged in business in this district by offering its services to the citizens of Illinois through its website at www.scoopon.com.au.

9.    Defendants' unlawful acts alleged in this Complaint have occurred in this district and/or are directed to cause, and have caused or will cause, injury to Groupon within this district.

## GROUPON'S VALUABLE INTELLECTUAL PROPERTY

10.   Since at least as early as October 2008, Groupon has continuously used its Federal Registered Mark GROUPON in connection with promoting the goods and services of others by providing a website featuring coupons, price-comparison information, product reviews, links to the retail websites of others, and discount information.

11.   Groupon currently operates in over 200 cities nationwide including Chicago and in 29 countries throughout the world, offering daily deals and side deals unique to each particular area. Groupon offers one deal each day at a discount. Each deal is contingent on a minimum number of buyers in order for the deal to activate, and Groupon's website provides details about the particular deal being offered including, *inter alia*, the number of buyers needed to activate the deal and the amount and percentage discounted. Since Groupon began providing its services in 2008, a number of copycat companies have begun providing similar or identical services.

Groupon recently filed a trademark lawsuit against Groupocity, a company providing similar services. Groupocity has since changed its name.

12. On September 22, 2009, the United States Trademark Office registered the service mark GROUPON in connection with promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the retail websites of others, and discount information. Plaintiff Groupon is the rightful owner of this registration, U.S. Reg. No. 3,685,954. See Exh. A (GROUPON Registration).

13. On April 20, 2009, Groupon received its CTM registration for the service mark GROUPON in connection with promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the retail websites of others, and discount information. Plaintiff Groupon is the rightful owner of this registration, CTM Reg. No. 008226508. See Exh. B (GROUPON CTM Registration).

14. Since long before the acts of defendants described herein, Groupon continuously and prominently displayed, marketed and advertised the GROUPON mark in its numerous business locations including Chicago, and in connection with the promotion of goods and services of others by providing websites that feature coupons, rebates, price-comparison information, product reviews, links to the retail websites of others and discount information it offers to customers and potential customers. See Exh. C (selected GROUPON website pages).

15. On February 18, 2010, Groupon received its copyright registration, Reg. No. VAu 1-012-452 (Exh. D) for its website.

16. On March 11, 2010, Groupon received its copyright Reg. No. VAu 1-015-272 for the derivative work for its website (Exh. E) (hereinafter Groupon's copyright registrations referred to as "Grouopon's Copyrighted Works").

5

17. Groupon has invested substantial time, effort and expense extensively promoting, marketing and advertising the GROUPON mark in connection with its services, including the promotion, marketing and advertising of the GROUPON mark in this district. Groupon's advertisements have been shown in a major newspapers in numerous cities and various countries, and on many television stations and radio stations. Further, there have been numerous articles written about Groupon, its founder and the Groupon concept; and Groupon and the Groupon concept have been the subject of segments of numerous news programs on the major televisions stations, and on the Internet.

18. As a result of the continuous high-profile advertising, marketing and promotion of the GROUPON mark by Groupon, and related articles and news segments, among other outlets, the GROUPON mark has become, through public acceptance and recognition, famous and an asset of substantial value symbolizing Groupon, its quality services, and its goodwill.

## DEFENDANTS' UNAUTHORIZED USE OF GROUPON'S INTELLECTUAL PROPERTY

19. Groupon has never authorized, licensed or otherwise permitted the defendants to use the GROUPON mark, or any confusingly similar variation thereof.

20. Without any authorization, license or authority from Groupon, defendants have registered or purchased the domain names www.groupon.com.au and www.scoopon.com.au and have marketed and advertised the confusingly similar SCOOPON service mark on its website. Defendant's have also used the domain name www.scoopon.com.au in connection with the promotion of goods and services of others. See Exh. F (selected SCOOPON website pages). SCOOPON'S website pages are substantially similar to the correlating website pages on Groupon's website and in Groupon's Copyrighted Works.

21.     Upon information and belief, prior to defendants' first use of the SCOOPON mark in connection with the identical services as those provided by Groupon, and prior to their registration and purchase of the domain names www.scoopon.com.au and www.groupon.com.au, defendant had access to Groupon's website pages and Copyrighted Works, and knew or should have known of the GROUPON mark and related services and the valuable reputation and goodwill symbolized by the GROUPON mark and its association with Groupon.

22.     Upon information and belief, at the time defendant engaged in the acts complained of herein, defendant had access to and actual knowledge of Groupon's website pages and the valuable reputation and goodwill symbolized by Groupon's GROUPON mark and its association with Groupon. Despite Groupon's prior rights, defendants adopted, used in advertising and marketing, used on its websites, and used as a domain name, a mark confusingly similar to the GROUPON registered service mark for the purpose of, and with the intention of, trading off of Groupon's goodwill and reputation.

23.     Consumers in this district can currently access defendants' services at www.scoopon.au.com and pay for and obtain coupons, called SCOOPONS. Further, defendants have allowed consumers in this district to access its website and receive defendants' services and to receive SCOOPONS.

24.     Groupon, through counsel, sent a letter to defendant Scoopon Pty requesting that defendant withdraw its GROUPON Australian application and cease and desist from using the GROUPON mark or any confusingly similar mark in connection with similar or identical services.

25.     Defendant Scoopon Pty, through counsel, refused to comply with Groupon's demands.

26.     Groupon, through its counsel, sent a letter demanding that defendant Groupon Pty take steps to transfer the domain name groupon.com.au to Groupon, its rightful owner.

27.     To date, defendants have refused to comply with Groupon's demands.

## DEFENDANTS' UNAUTHORIZED USE OF THE GROUPON MARK CONSTITUTES A LIKELIHOOD OF CONFUSION

28.     Defendants' unauthorized use of the GROUPON service mark, or similar variations thereof, in connection with the promotion of goods and services of others by providing a website that features discounts has and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade.  Consumers have and will continue to conclude that defendants, through their use of the SCOOPON mark and the groupon.com.au and scoopon.com.au and related websites, are connected, associated or affiliated with Groupon.

29.     Actual confusion as to source, sponsorship, affiliation, connection or identification has occurred between Groupon's use of its registered mark and defendants' unauthorized use of the SCOOPON mark, and the websites located at groupon.com.au and scoopon.com.au.  On a number of occasions, consumers contacted Groupon instead of defendants.

30.     Defendants' activities, as hereinabove pleaded, have and are likely to continue to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the services offered by Groupon and the sponsorship and/or endorsement of those services by Groupon.

31.     Defendants' activities, as hereinabove pleaded, have and are likely to continue to dilute the value of the GROUPON mark by diminishing the public association of the mark with Groupon and working an adverse effect upon the distinctiveness of the mark, thus creating a likelihood of injury to Groupon's respected reputation.

8

32.     As a result of the aforesaid acts by the defendants, Groupon has suffered and continues to suffer substantial damages and irreparable injury. Groupon has no adequate remedy at law, and unless defendants are restrained and enjoined by the Court, said acts will be continued and will continue to cause damage and irreparable injury to Groupon, and to damage Groupon's goodwill and business reputation. Because of the threatened continuation of loss of customers and sales, and due to defendants providing an inferior product under the GROUPON mark or similar variation thereto, Groupon cannot ascertain the precise amount of its damages at this time.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

33.     As its first ground for relief, Groupon claims violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trademark infringement. Groupon repeats and realleges the allegations of paragraphs 1 through 32 as if set forth fully herein.

34.     Defendants' unauthorized use of the GROUPON mark, or approximations or simulations thereof, such as the infringing service mark SCOOPON and the groupon.com.au and scoopon.com.au domain names, in interstate commerce has caused and is likely to cause confusion, mistake, or deception as to source, association or sponsorship with Groupon's GROUPON mark. The relevant public has believed and is likely to believe defendants' services originate with, are licensed by, sponsored by, connected with, or associated with Groupon. Defendants' unauthorized use of the infringing mark falsely represents defendants as being legitimately connected with Groupon, and places Groupon's reputation beyond Groupon's control.

35.     Groupon has been and is being damaged by defendants' trademark infringement and has no adequate remedy at law.  Defendants' unlawful conduct will continue to damage Groupon unless enjoined by this Court.

36.     Based on defendants' previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, defendants' trademark infringement is willful.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

37.     As its second ground for relief, Groupon hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Groupon repeats and realleges the allegations of paragraphs 1 through 36 above, as though fully set forth herein.

38.     Defendants' adoption and use of the GROUPON mark, or approximations or simulations thereof, as hereinabove pleaded, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of defendants' services and business as originating from or being in connection with Groupon when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

39.     Groupon has been and is being damaged by such violation and has no adequate remedy at law.  Defendants' unlawful and willful conduct will continue to damage Groupon unless enjoined by this Court.

40.     Based on defendants' previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, defendants' federal unfair competition violation is willful.

## COUNT III
## FEDERAL DILUTION
## VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

41.     As its third ground for relief, Groupon hereby alleges federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Groupon repeats and realleges the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

42.     Defendants' adoption and commercial use of the GROUPON mark, or approximations or simulations thereof, as hereinabove pleaded, constitutes use in commerce of a mark or trade name after that mark has become famous, and causes dilution of the distinctive quality of the famous GROUPON mark, and thereby constitutes dilution of the mark.

43.     Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage Groupon unless enjoined by this Court.

44.     Based on defendants' previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, defendants' dilution of the GROUPON mark is willful.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

45.     As its fourth ground for relief, Groupon hereby alleges deceptive trade practice violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1, *et seq.* Groupon repeats and realleges the allegations of paragraphs 1 through 44 above, as though fully set forth herein.

46.     The Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat.§ 510/1, *et seq.*, provides that a person engages in deceptive trade practices when, *inter alia,* he "(1) passes off goods or services as those of another; ... (3) causes likelihood of confusion or of

11

misunderstanding as to affiliation, connection or association with or certification by another; …

[or] (5) represents that goods or services have sponsorship, approval, characteristics, … that they

do not have…." regardless of whether or not there is "competition between the parties or actual

confusion or misunderstanding." 815 Ill.Comp.Stat. § 510/2.

    47.    Defendants' unauthorized use of the GROUPON mark, or approximations or

simulations thereof, trades on the business reputation and goodwill of Groupon with the intention

of deceiving the public into believing that defendants' are affiliated, connected or associated with

Groupon in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat.

§ 510/1-7 (1965).

    48.    Groupon has been and is being damaged by such violation and has no adequate

remedy at law. Defendants' unlawful and willful conduct will continue to damage Groupon

unless enjoined by this Court.

    49.    Based on defendants' previous and continuing knowledge of Groupon's Federal

Registered Mark and continued activities, defendants' violation of the Illinois Uniform

Deceptive Trade Practices Act is willful.

## COUNT V
## VIOLATION OF ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT

    50.    As its fifth ground for relief, Groupon hereby alleges deceptive trade practice

violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815

Ill.Comp.Stat. § 505/1, *et seq.* Groupon repeats and realleges the allegations of paragraphs 1

through 49 above, as though fully set forth herein.

    51.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815

Ill.Comp.Stat. § 505/1, *et seq.*, makes "the use or employment of any deception[,] fraud, false

pretense, false promise, misrepresentation or the concealment, suppression or omission of any

material fact, ... or the use or employment of any practice described in Section 2 of the 'Uniform

Deceptive Trade Practices Act'... in the conduct of any trade or commerce" unlawful, regardless

whether "any person has in fact been misled, deceived or damaged thereby." 815 Ill.Comp.Stat.

§ 505/2.

52.     Defendants' continuing unauthorized use of the GROUPON mark, or

approximations or simulations thereof, so as to mislead and deceive the public by suggesting an

association, connection or affiliation of defendants with Groupon is an unfair method of

competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1-12 (1961).

53.     Groupon has been and is being damaged by such violation and has no adequate

remedy at law.  Defendants' unlawful conduct will continue to damage Groupon unless enjoined

by this Court.

54.     Based on defendants' previous and continuing knowledge of Groupon's Federal

Registered Mark and continued activities, defendants' violation of the Illinois Consumer Fraud

and Deceptive Business Practices Act is willful.

## COUNT VI
## VIOLATION OF ILLINOIS TRADEMARK REGISTRATION
## AND PROTECTION ACT AND COMMON LAW

55.     As its sixth ground for relief, Groupon hereby alleges dilution in violation of the

Illinois Trademark Registration and Protection Act, 765 ILCS 1036 (1998), and the common law

of Illinois.  Groupon repeats and realleges the allegations of paragraphs 1 through 54 above, as

though fully set forth herein.

56.     Defendants' continuing unauthorized use of the GROUPON mark, or approximations or simulations thereof, in promoting their operation is a violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036 (1998), and the common law of Illinois in that it diminishes the public association of the GROUPON mark with Groupon and works an inexorably adverse effect upon the distinctiveness of the GROUPON mark by diluting the quality of the mark and by creating a likelihood of injury to Groupon's respected reputation.

57.     Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendants' unlawful conduct will continue to damage Groupon unless enjoined by this Court.

58.     Based on defendants' previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, defendants' violation of the Illinois Trademark Registration and Protection Act is willful.

## COUNT VII
## VIOLATION OF COMMON LAW UNFAIR COMPETITION

59.     As its seventh ground for relief, Groupon hereby alleges common law unfair competition. Groupon repeats and realleges the allegations of paragraphs 1 through 58 above, as though fully set forth herein.

60.     As a result of its actions, as hereinabove pleaded, defendants have misappropriated valuable property rights of Groupon, is trading on the goodwill of Groupon as symbolized by Groupon's distinctive GROUPON mark, and has and is thereby likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

61.     Groupon has been and is being damaged by such violation and has no adequate remedy at law.  Defendants' unlawful conduct will continue to damage Groupon unless enjoined by this Court.

62.     Based on defendants' previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, defendants' violation of Common Law Unfair Competition is willful.

**COUNT VIII**
**COPYRIGHT INFRINGEMENT**
**VIOLATION OF SECTION 106 OF THE COPYRIGHT ACT**

63.     As its eighth ground for relief, Groupon hereby alleges violation of Section 106 of the Copyright Act, 17 U.S.C. § 106.  Groupon repeats and realleges the allegations of paragraphs 1 through 62 above, as though fully set forth herein.

64.     In the course of its dealings, defendants had prior access to Groupon's Copyrighted Works.  Subsequent to such prior access, defendants have used, marketed, promoted and displayed as its own a website that is based upon Groupon's Copyrighted Works.

65.     Defendants' unauthorized use, marketing, promotion and display of Groupon's Copyrighted Works and the offer of discounted products based thereon, infringes Groupon's exclusive rights to use, reproduce, license and display any and all parts of these Copyrighted Works under Section 106 of the Copyright Act.

66.     Defendants have knowingly and willfully derived an economic and reputational benefit from the aforesaid infringement of Groupon's copyrights and Groupon has been damaged and continues to be damaged thereby.

67.     Defendants' aforesaid conduct has been and continues to be intentional, willful and with full knowledge of Groupon's copyrights and the infringement thereof.

68.    As a direct and proximate result of defendants' conduct, Groupon has suffered damages which it is entitled to recover.

69.    Defendants' conduct, as set forth herein, is also causing and, unless enjoined and restrained by this Court, will continue to cause Groupon irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Groupon, Inc. demands:

1.    That defendants, their officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

a.    Using the GROUPON mark or any other similar mark, domain name or designation, such as SCOOPON and the groupon.com.au and scoopon.com.au domain names, that are confusingly similar to the GROUPON mark or gives rise to a likelihood of confusion, mistake or deception with respect to Groupon's GROUPON mark;

b.    Doing any other act or thing likely to induce the mistaken belief that defendants or their services or business, are in any way approved by or affiliated, connected or associated with Groupon or Groupon's services; and

c.    Unfairly competing with Groupon in any manner whatsoever or causing injury to the business reputation of Groupon.

2.    That defendants deliver for destruction all advertisements, brochures, current inventory of products, and related materials that utilize the GROUPON mark or approximations or simulations thereof, and remove the same from any and all domain names and websites in their possession or control that bear the mark.

3. That defendants assign and transfer any and all domain names that utilize the GROUPON mark or approximations or simulations thereof, including the domain names www.scoopon.com.au and www.groupon.com.au.

4. That the Court declare and order that defendants' unauthorized use, marketing and displaying of Groupon's Copyrighted Works, and offering of products for sale on their website using Groupon's Copyrighted Works, willfully infringes Groupon's Copyrighted Works in violation of the Copyright Act; including:

a. An order requiring defendants to remove all copies of Groupon's Copyrighted Works from their possession, either on servers or computers located at its premises, or on servers or computers located at the premises of any of its clients, customers, counterparties, employees, agents, consultants and any other party who has copies of the said Copyrighted Works without Groupon's permission;

b. An order requiring defendants to deliver up for destruction all infringing materials, including all storage media, that contain infringing copies of Groupon's Copyrighted Works;

c. An order awarding Groupon, at its election, either (i) actual damages including pre- and post-judgment interest and profits derived by defendants as a result of its infringing activities, pursuant to 17 U.S.C. § 504(b), or (ii) statutory damage pursuant to 17 U.S.C. § 504(c); and

d. An order enjoining defendants and their respective agents, employees, officers, directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therewith, from further infringement of Groupon's Copyrighted Works pursuant to 17 U.S.C. § 502(a).

5.     That an accounting is granted against defendants, and Groupon be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

a.     All profits received by defendants from sales and revenues of any kind made as a result of their unlawful actions;

b.     All damages sustained by Groupon as a result of defendants' acts of infringement and unfair competition; and

c.     An order awarding Groupon compensatory, consequential and other damages, including pre- and post-judgment interest, suffered as a result of defendants' violations of 15 U.S.C. § 1125(a) and 17 U.S.C. § 106.

6.     That defendants file with the Court and serve upon Groupon within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendants have complied with the injunction.

7.     That because of the exceptional nature of this case, resulting from defendants' deliberate and willful infringement, this Court award Groupon its reasonable attorneys' fees, costs and disbursements.

8.     That Groupon shall have such other and further relief as this Court may deem just.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

GROUPON, INC.

Date: September 3, 2010

/Jeffrey A. Pine
Jeffrey A. Pine
Renée L. Zipprich
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
312-876-1700 Telephone
312-876-1155 Facsimile

Attorneys for Plaintiff,
GROUPON, INC.

CHICAGO\3031915.1
ID\JAP - 065640/0002

19