**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GROUPON, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 10-cv-05634 |
| | ) | |
| GROUPON PTY. LTD., | ) | |
| an Australian corporation, and | ) | Judge William J. Hibbler |
| SCOOPON PTY. LTD. | ) | |
| an Australia corporation, | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

Defendants, Scoopon Pty Ltd. ("Scoopon") and Groupon Pty Ltd., through their undersigned attorneys, hereby move to dismiss the complaint on the following grounds:

i. The Court lacks personal jurisdiction over the Defendants. Defendants are foreign corporations and have no contacts with Illinois. For this reason, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(2).

ii. The Court lacks subject matter jurisdiction over the Plaintiff's claims under the Lanham Act, Copyright Act, and State law because the defendants are foreign corporations and the alleged conduct occurred outside the U.S. and has no significant impact on U.S. commerce. These laws do not have extraterritorial scope to cover the alleged acts of Defendants. For this reason, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

iii. Even if the Court has jurisdiction, it should exercise its discretion to decline jurisdiction over these foreign corporations and over these claims due to principles of comity and forum non conveniens.

iv. The Court should decline to exercise supplemental jurisdiction over the State law claims under 28 U.S.C. §1367.

In the alternative, if the Court finds that it has jurisdiction over this matter, Defendants move as follows:

      v.      The Court should stay these proceedings pending resolution of related legal proceedings in Australia. Plaintiff has previously filed essentially identical proceedings in Australia against the same Defendants (as well as the Directors of the Defendants, personally) affecting the same trademarks. Those proceedings are substantially further advanced than this case. A trial in the Australian litigation is set for August 1, 2011.

In support of this motion to dismiss or stay proceedings, Defendants will submit the Declaration of Mr. Hezi Liebovich, Director and Secretary of both Defendants. Defendants will also submit an accompanying Memorandum of Law. The grounds for this motion will be set forth in greater detail in the Declaration and the Memorandum of Law.

WHEREFORE, Defendants request that the complaint be dismissed in its entirety, or, in the alternative that this case be stayed until the resolution of the Australian litigation.

Respectfully submitted,

Dated: May 9, 2011          By:   */s/ William T. McGrath*
                                                One of the Attorneys for Defendants

William T. McGrath
Christopher W. Schneider
Davis McGrath LLC
125 S. Wacker Drive, Suite 1700
Chicago, IL 60606
Telephone: (312) 332-3033
Facsimile: (312) 332-6376

## **CERTIFICATE OF SERVICE**

      I, William T. McGrath, an attorney, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF System, which sent notification to all parties of record on the 9th day of May, 2011.

Dated: May 9, 2011                                By:     /s/William T. McGrath